```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X
WILLIAM KLEIN                                    Case No. 12 Civ. 1190 (KPF)
               Plaintiff                         ECF Case

       -against-

TORREY POINT GROUP, LLC.
               Defendant
-------------------------------------------X
```

# MEMORANDUM OF LAW IN OPPOSITION TO
# DEFENDANT'S RULE 56 MOTION FOR SUMMARY JUDGMENT

Robert L. Rotmil, Esq.
Attorney for Plaintiff
William Klein

INTRODUCTION .................................................................................................... 3
STATEMENT OF FACTS ..................................................................................... 3
1.  DEFENDANT FAILED TO SUBMIT ADMISSIBLE EVIDENCE IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT. ................................................. 4
2. EXTRINSIC EVIDENCE IS BARRED BY THE OFFER LETTER'S GENERAL MERGER CLAUSE AND THE PAROL EVIDENCE RULE. ............................ 7
3.  DEFENDANT HAS NOT ESTABLISHED THAT PLAINTIFF WAS AN ADMINISTRATIVE EMPLOYEE. ................................................................... 10
4.  DEFENDANT HAS NOT ESTABLISHED THAT PLAINTIFF CAN NOT PROVE THAT HE EARNED ANY COMMISSIONS OR WAS ENTITLED TO A BONUS. ..... 13
CONCLUSION ..................................................................................................... 15

**Cases**

Azrielli v. Cohen Law Office 21 F.3d 512, (2nd Cir. 1994) ........................... 4
Garside v. Osco Drug, Inc., 895 F.2d 46, 49 (1st Cir.1990) ....................... 5
Gross v. Burggraf Const. Co., 53 F. 3d 1531 - (10th Circuit 1995) ......... 5
Mott v. Good Roads Machinery Co. of New York, Inc. 277 A.D.677 (3rd Dept 1951) .................................................................................................. 13, 14
R/S Associates v. New York Job Development Auth., 98 N.Y.2d 29, 32, 744 N.Y.S.2d 358, 771 N.E.2d 240 (2002) ..................................................... 9
Vermont Teddy Bear Co. v. 538 Madison Realty Co., 1 N.Y.3d 470 (2004) ................................................................................................................. 7, 9
W.W.W. Associates, Inc. v. Giancontieri, 77 N.Y.2d 157,  565 N.Y.S.2d 440, 566 N.E.2d 639 (1990) ......................................................................... 7, 9
Zacholl v. Fear & Fear, Inc. 2004 WL 725964 (N.D.N.Y. 2004) ......... 11, 12

**Statutes**

Fed. R. Civ. P. 56 (c)(1)(A) .................................................................................. 4
Fed. R. Evid. 602 .................................................................................................. 4
Fed. R. Evid. 801(d)(2)(A) ............................................................................. 5, 6
Rule 56 (c)(1)(B) ................................................................................................... 4
Rule 56 (c)(4) ........................................................................................................ 4

**Regulations**

29 C.F.R. 541.201(b) .......................................................................................... 10

# INTRODUCTION

Plaintiff William Klein ("Klein") submits this memorandum of law in opposition to defendant Torrey Point's motion for summary judgment. Defendant has not set forth admissible evidence to even make out a prima facie case for its administrative exemption defense, the Fourth Defense of its Answer. With respect to plaintiff's breach of contract action, defendant has not even set forth admissible evidence to support its contention of what were plaintiff's contractual obligations, much less to establish that plaintiff can not prove that he performed his contractual obligations.

# STATEMENT OF FACTS

The facts are amptly stated in Plaintiff's Brief in Support of his Motion for Partial Summary Judgment (the "PBS") and will not be repeated herein. Suffice it to say that for the reasons set forth in plaintiff's Rule 56.1(b) Response, many of the "undisputed facts" set forth in defendant's Rule 56.1(a) Statement are not only objectionable, but highly disputed as well.

## 1. DEFENDANT FAILED TO SUBMIT ADMISSIBLE EVIDENCE IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT.

Fed. R. Civ. P. 56 (c)(1)(A) requires a party asserting that a fact cannot be genuinely disputed to support the assertion by citing to inter alia, depositions, affidavits or declarations, and interrogatory answers. In support of its motion defendant has cited to the Declaration of its Director of Finance, Steve Jackson, (the "Jackson Declaration") and its Exhibit F, the Amended Objections and Responses of Defendant to Plaintiff's First Set of Interrogatories (the "Answers to Interrogatories"). In considering a motion for summary judgment, the district court may rely on any material that would be admissible or usable at trial. <u>Azrielli v. Cohen Law Office</u> 21 F.3d 512, (2nd Cir. 1994). Rule 56 (c)(1)(B) permits a party to object to the admissibility of the evidence tendered. Rule 56 (c)(4) requires that an affidavit or declaration used to support a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.  That is in accord with  Fed. R. Evid. 602 that a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.

A district court may not rely on evidence in support of a motion for summary judgment that would not be admissible at trial and is objected to. Answers to interrogatories should not be accorded any

probative force if they are not based upon personal knowledge or are otherwise deficient. <u>Garside v. Osco Drug, Inc.</u>, 895 F.2d 46, 49 (1st Cir.1990). Answers to interrogatories must meet the requirement of Rule 56 that evidence offered in support of a motion for summary judgment must be admissible. Cf. <u>Gross v. Burggraf Const. Co.</u>, 53 F. 3d 1531 - (10th Circuit 1995). Answers to interrogatories are out of court statements and subject to the hearsay objection. Fed. R. Evid. 801(d)(2)(A) provides that an admission by a party opponent is not hearsay if the statement is offered against a party and is (A) the party's own statement, in either an individual or representative capacity. Thus, under Rule 801 (d)(2)(A), the proponent of an out-of-court statement must satisfy two requirements: (1) that the statement is made by a "party"; and (2) that the statement is offered "against" that party.

In support of its motion, defendant tendered the Jackson Declaration to establish when commissions are earned under defendant's commission plan (Jackson Declaration Par. 7), what plaintiff was required to do to earn his commission (Jackson Declaration Par. 8), and what defendant's policy and requirements were with respect to earning bonuses (Jackson Declaration Pars. 10 and 11).

Mr. Jackson may have joined Torrey Point's finance department after plaintiff was hired, and did not explain how he possessed personal knowledge of the terms and conditions of plaintiff's compensation plan or defendant's bonus plan. The Declaration does not claim it is made on personal knowledge, does not disclose how Mr. Jackson possesses competence to testify on the matters stated in paragraphs 4, 6, 7, 8, 10, 11, 14, 15, 16 and 17, and is generally devoid of facts that would be admissible in evidence. Defendant has not cited any provisions of the Offer Letter or Compensation Plan, or the specific language of either on which it relies in support of the conclusions stated in Mr. Young's Declaration. Defendant has not submitted any other commission plan or bonus plan, nor quoted any language from those plans if they exist. Plaintiff objected to the admissibility of the statements in Mr. Young's Declaration. See Plaintiff's Rule 56.1(b) Response. The Young Declaration is therefore inadmissible.

In support of its motion, defendant also submitted its Answers to Interrogatories to establish not only what plaintiff was required to do and but what plaintiff failed to do.  Defendant's Rule 56.1(a) Statement, 27 and 28. The Answers to Interrogatories are self serving statements that were offered by the proponent of the statements, and are inadmissible under Rule 801(d)(2)(A), since while (1) the

6

statement was made by a "party"; (2) the statement are not being offered "against" that party. Defendant is offering its own Answers to Interrogatories as proof of plaintiff's failure to complete work and earn commissions. Plaintiff objected in his Rule 56.1(b) Statement. The Answers to Interrogatories constitutes inadmissible hearsay.

## 2.  EXTRINSIC EVIDENCE IS BARRED BY THE OFFER LETTER'S GENERAL MERGER CLAUSE AND THE PAROL EVIDENCE RULE.

The Offer Letter (Exhibit 3) contains a general merger clause in its penultimate paragraph, which states:

> You acknowledge that this offer letter, (along with the final form of any referenced documents), represents the entire agreement between you and the Company and that no verbal or written agreements, promises or representations that are not specifically stated in this offer, are or will be binding upon the Company.

Under New York law, if a contract recites that all of the parties' agreements are merged in the written document, parol evidence is not admissible to vary the terms of an integrated contract.   Extrinsic and parol evidence is not admissible to create an ambiguity in a written agreement which is complete and clear and unambiguous on its face. W.W.W. Associates, Inc. v. Giancontieri, 77 N.Y.2d 157,  565 N.Y.S.2d 440, 566 N.E.2d 639 (1990),  Vermont Teddy Bear Co. v. 538 Madison Realty Co., 1 N.Y.3d 470 (2004).

The Offer Letter was prepared by defendant, a sophisticated business party.  Defendant claims that plaintiff did not complete all of the work necessary to earn commissions, presumably relying upon Job Description (Exhibit A), and an Inside Sales Order Process (Exhibit B). Defendant failure to cite any portion of the Offer Letter or Compensation Plan that required plaintiff to fulfill each and every task listed in the Job Description is fatal to its motion since defendant has not tendered admissible evidence to establish what were plaintiff's contractual obligations. Defendant failed to prove that there exists a contract that required plaintiff to fulfill each and every task listed in the Job Description or the Inside Sales Order Process in order to earn his commission. None of the tasks that defendant claims were conditions precedent to the earning of commissions were described as conditions precedents in any of the documents. There were no written requirements for plaintiff to earn his commissions other than revenues had to be received by defendant. Had defendant intended to insert such conditions, it could have done so. Defendant has not claimed that the Offer Letter is ambiguous. Defendant is nevertheless implicitly requesting in its motion for summary judgment that this Court interpret the Offer Letter as impliedly stating conditions precedent that it neglected to specifically include, without even a scintilla of supporting evidence that it neglected to specifically include

those conditions precedents, much less admissible supporting evidence.

Courts may not by construction add terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting a writing. Vermont Teddy Bear Co. v. 538 Madison Realty Co., 1 N.Y.3d 470, 475-6 (2004). In other words, evidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing. R/S Associates v. New York Job Development Auth., 98 N.Y.2d 29, 32, 744 N.Y.S.2d 358, 771 N.E.2d 240 (2002), citing, W.W.W. Associates, supra.

The parol evidence rule prevents defendant from claiming that the Court should interpret the agreement as impliedly stating something which the parties have neglected to specifically include, particularly when there is no evidence that either party, much less both parties, neglected to include such a provision.  In the absence of any ambiguity, the Court must look solely to the language used by the parties to discern the contract's meaning.

Defendant has also claimed that plaintiff was not eligible for the bonus in his compensation plan because its bonus plan was conditioned upon continued employment until the time of bonus payment. Defendant failed to provide a copy of its bonus plan. The

9

parol evidence rule precludes defendant from claiming that there was any requirement of continued employment.

The extrinsic evidence offered by defendant on its compensation plan and bonus plan is barred by the parol evidence rule.

### 3.  DEFENDANT HAS NOT ESTABLISHED THAT PLAINTIFF WAS AN ADMINISTRATIVE EMPLOYEE.

Defendant stated "Plaintiff's role as an account manager was vital to the general business operations of Torrey Point, as well as Torrey Point's customers. Defendant's Memorandum of Law, Page 8. Plaintiff was inside sales support for Chris Kolb who sold networking equipment and software to limited customers of defendant. Is defendant serious that this is the type of work that is vital to its general business operations or that of its customers?

29 C.F.R. 541.201(b) lists examples of work directly related to management or general business operations, and states:

> (b) Work directly related to management or general business operations includes, but is not limited to, work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations, government relations; computer network, internet and database administration; legal and regulatory compliance; and similar activities. Some of these activities may be

10

performed by employees who also would qualify for another exemption.

Zacholl v. Fear & Fear, Inc. 2004 WL 725964 (N.D.N.Y. 2004) cited by defendant on page 9 of its Memorandum of Law, is factually distinguishable. In Zacholl, the Court denied plaintiffs motion for judgment after trial after a jury had determined that the role plaintiffs performed as customer service representatives was materially different than their roles after being promoted to branch managers. The Court stated:

> The Court agrees, based upon all of the evidence adduced at trial, that a reasonable person could conclude that, during the time that they were employed as branch managers, Plaintiffs were administrative employees within the meaning of the Act. Plaintiffs balanced the cash drawers at the close of the business day, sold insurance policies, ordered office supplies, made deposits and maintained business books. **More importantly, Plaintiffs supervised other employees, possessing the power to dock their pay or even fire them for poor work or misconduct.** See Minutes of Trial, held on December 8, 2003, testimony of Kevin Fear, ("Trial Tr.") at 24-27; Defendant's Memorandum of Law at 6-7.
>
> Such tasks require some level of independent judgment and discretion and can also be seen as duties that "service" the business. For example, firing other employees for substandard performance requires a great deal of discretion and independent judgment. Additionally, Plaintiffs exerted their control over the branch and its internal workings by handling all of its banking and overseeing all final work. Looking at the evidence produced at trial and reviewing it under the stringent Rule 50(b) standard,

11

> the Court concludes that a reasonable juror could have found that Plaintiffs' duties as branch managers were administrative in nature and, therefore, that they were exempt from overtime pay under the administrative exemption to the FLSA. Accordingly, the Court denies Plaintiffs' motion for judgment as a matter of law. (Bold print added for emphasis.)

Plaintiff had no power to hire and fire other employees, or dock their pay. He did not exert control over any branch office or its internal workings. Most importantly he managed only himself. Factually and procedurally, Zacholl is distinguishable.

Plaintiff will not belabor this point. Suffice it to say that for the reasons mentioned herein and in Point I of the PBS, as a matter of law, plaintiff was not an administrative employee since his primary duty was supporting the sales efforts of only one of many Senior Account Managers. Sales support personnel who support a specific salesperson who targets individual customers cannot be treated as administrative employees since by definition their efforts are not directed at encouraging sales generally among all customers.

Moreover, defendant has not proven that plaintiff's primary duties involved discretion and independent judgment with respect to matters of significance. If anything, defendant's Exhibit B, the Inside Sales Order Process, is probative of how little discretion and independent judgment plaintiff had. Exhibit B details how a sales order is to be filled in.

Again, for the reasons mentioned in Point I of the PBS, Plaintiff's primary duties did not involve the exercise of discretion and independent judgment with respect to matters of significance, also disqualifying him under a separate prong of the administrative exemption test. Defendant's motion for summary judgment on the administrative exemption should be denied.

## 4.  DEFENDANT HAS NOT ESTABLISHED THAT PLAINTIFF CAN NOT PROVE THAT HE EARNED ANY COMMISSIONS OR WAS ENTITLED TO A BONUS.

In its Memorandum of Law (Pp. 12-13), defendant argues that plaintiff had duties that included something more than selling, and therefore did not earn his commissions when the order was booked. In support, defendant cited and quoted from Mott v. Good Roads Machinery Co. of New York, Inc. 277 A.D.677 (3rd Dept 1951). Defendant's quote was incomplete and its reliance on that case was misplaced, since that case held that the defendant was obligated to pay commissions as provided in the contract. The un-truncated quote was:

> As a general rule a salesman's commissions are deemed earned when orders are procured, regardless of when they may actually be filled. (Bayer v. Oxford Univ. Press, 270 App. Div. 586, affd. 296 N.Y. 780.) There may be an exception, of course, when the duties of the

13

> position include something more than mere selling as, for instance, where there is a duty to install or service the equipment (Sommer v. Ermold Co., 275 App. Div. 629), or where, by contract or conduct, the parties have otherwise agreed. Such was not the situation in the instant case. Plaintiff's duties were to procure orders either through his personal efforts or the efforts of those working under him. When those orders were procured his responsibilities were at an end, except for such contacts as he might maintain for good will purposes. His contract specifically provided that his bonus was to be paid "on the gross volume of business secured * * * during the calendar year of 1947." (Italics supplied.) Reference to the acceptance and shipping of such orders comes later in the sentence and is not subject to any time limitation whatsoever. <u>Mott</u>. Id @ 679-80

Enough said. Defendant needs to review the Offer Letter to determine what conditions needed to be fulfilled in order for plaintiff to earn a commission. For the reasons stated in Points 1 and 2 hereof, it can not claim that there were implied conditions or duties. Defendant could not pay plaintiff's commissions because it felt that plaintiff did not earn them any more than it could not pay or reduce his base salary without his consent.

Even assuming the Offer Letter impliedly contained the additional conditions or duties, Defendant failed to establish that plaintiff can not prove that he performed his contractual obligations. Its claim that plaintiff failed to complete the work which would have

14

entitled him to commissions was denied and specifically refuted by plaintiff during his deposition. See Plaintiff's Rule 56.1(b) Response #28 and Klein Deposition 125:13- 135:25.

Defendant has not submitted any evidence to establish that the commissions plaintiff is suing for were from orders placed after he was terminated. It nevertheless implies to this Court that plaintiff is requesting commissions from orders placed after his termination date. Plaintiff is suing for commissions and a bonus for orders received and accepted prior to his termination date, and not for orders obtained after his termination date. Klein Declaration in Opposition, Par. 10.

Plaintiff incorporates by reference the arguments made in the Point 3 of the PBS that nothing in the Offer Letter precludes post termination vesting of commissions. Suffice it to say that for the reasons mentioned herein and in Point 3 of the PBS, defendant has not proven that plaintiff is not be entitled to commissions or bonus, and its motion for summary judgment should be denied.

## CONCLUSION

Defendant has not submitted admissible evidence to even make out a prima facie case for its administrative exemption defense. With respect to plaintiff's breach of contract action, defendant has not

submitted admissible evidence to support its contention of what were plaintiff's contractual obligations, much less to establish that plaintiff can not prove that there exists a genuine issue of fact as to whether he performed his contractual obligations. However, if this Court believes that a prima facie case was made, it must resolve all ambiguities and draw all reasonable inferences in favor of plaintiff. Defendant's motion for summary judgment should be denied, together with such further relief as this Court deems appropriate.

Dated: August 1, 2013

                                              Respectfully submitted,

                                              s/_____
                                              Robert L. Rotmil
                                              Attorney for Plaintiff
                                              11 Kilmer Drive
                                              Morganville, NJ 07751
                                              (732) 792 6761
                                              rotmil.law@gmail.com